UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THE BOX FACTORY, INC. AND | § | |
| CHJ LEASING, LLC, | § | |
| *Plaintiffs* | § | |
| | § | |
| V. | § | Civil Action No. 4:15-cv-861 |
| | § | |
| VERLAN FIRE INSURANCE COMPANY | § | |
| *Defendant* | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT & JURY DEMAND

Plaintiffs THE BOX FACTORY, INC. and CHJ LEASING, LLC (collectively "Box Factory" or "Plaintiff") file this Original Petition against Defendant VERLAN FIRE INSURANCE COMPANY ("Verlan Fire" or "Defendant") and would respectfully show the following:

## Parties

1.      The Box Factory, Inc. is a domestic corporation in good standing with a principal place of business in Palo Pinto County, Texas.

2.      CHJ Leasing, LLC is a domestic corporation in good standing with a principal place of business in Palo Pinto County, Texas.

3.      Upon information and belief, Verlan Fire is a foreign insurance company engaged in the business of insurance in Texas, operating for the purpose of accumulating monetary profit. Verlan Fire regularly conducts the business of insurance in a systematic and continuous manner in the State of Texas and may be

served with process by serving certified mail, return receipt requested, to **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.**

## Venue & Jurisdiction

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interests and costs.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because this action concerns real property located in Palo Pinto County, Texas, and all or a substantial part of the events giving rise to the claims described herein occurred in Palo Pinto County. In particular, the insurance policy at issue and of which Plaintiff is a beneficiary was to be performed in Palo Pinto County, Texas and the losses under the policy (including payments to be made to Plaintiff under the policy) were required to be made in Palo Pinto County, Texas. Further, investigation, including communications to and from Defendant and Plaintiff (including telephone calls, mailings, and other communications to Plaintiff) occurred in Palo Pinto County, Texas.

## Factual Background

6.      On or before May 19, 2015, Verlan Fire sold a commercial property insurance policy bearing Policy No. M003499-15 (the "Policy") to Box Factory whereby Verlan Fire would provide insurance coverage for the commercial property located at 300 Northwest 7th Street, Mineral Wells, Texas 76067 (the

"Property") in exchange for the timely payment of premiums. *See* Exhibit "A". The Policy was sold by Verlan Fire to Box Factory as the insured under the policy and provides coverage for damages to the Property caused by wind and hail.  Plaintiff is the named insured under the Policy and the owner of the Property.

7.     On or about May 19, 2015, there was a wind and hail storm in the area and at the Property. As a result, the Property sustained significant damage including damage to the roof, HVAC, windows, exterior, interior, ceilings, interior, furnishings, and more. Upon discovering the damage, Box Factory immediately filed an insurance claim under the Policy with Verlan Fire for damage to the Property caused by the wind and hail, asking that the damages be covered pursuant to the Policy.

8.     Box Factory timely submitted a claim for the damages under the Policy sold by Verlan Fire. Verlan Fire is the insurer on the Property. Verlan Fire assigned adjusters, consultants, and agents to Box Factory's file that were inadequate and improperly trained to handle this type of claim. Specifically, Verlan Fire, a foreign company, assigned Steve Shands, an adjuster out of Louisiana, as its agent and the individual adjuster with decision-making authority over the claim and responsibility for assessing damages to the Property under the Policy. Unfortunately, however, Shands was unqualified and failed to perform a proper and thorough investigation of the claim.

9.     Verlan Fire refused to conduct an adequate investigation into the damages to Box Factory's property. Through its agents and representatives, Verlan

3

Fire failed to engage appropriate consultants and adjusters to objectively evaluate the damage and performed an outcome-oriented investigation aimed at underpaying Box Factory's claim.

10.     On June 6, 2015, Defendant inspected the Property. Defendant failed to engage any independent consultants or engineers to assess the damages. Defendant overlooked obvious damage and performed a haphazard inspection. After briefly visiting the Property, Defendant prepared an estimate of damages that grossly undervalued the damages to the Property. Because of Defendant's actions in refusing to acknowledge the extent of damage, Box Factory was forced to hire its own consultant to prepare its own estimates and point out obvious damages that Verlan Fire ignored. Verlan Fire falsely represented to Box Factory and its representatives the amount of covered damages under the Policy. Verlan Fire further falsely represented the amount of the applicable deductible that Box Factory purchased at a premium. Defendant prolonged and delayed any claims resolution. Ultimately, as a result of Defendant's substandard investigation and delays, Verlan Fire agreed to release the undisputed portion of the claim which is only a fraction of what is owed under the Policy. *See* Exhibit "B".

11.     Verlan Fire performed an inadequate, incomplete, and unreasonable investigation of Box Factory's claim, which is evidenced by the one estimate that fails to account for the necessary repairs to the Property. Verlan Fire wrongfully denied and underpaid Box Factory's claim for property repairs under the Policy. Verlan Fire represented to Box Factory that certain damages and losses were not

covered under the policies when in fact they were. After delaying the claims process and after Box Factory was forced to hire its own consultant, Verlan Fire declined to continue evaluating the claim. Verlan Fire has chosen to continue to deny and delay timely payment of the covered damages under the Policy. As a result, Box Factory has not been fully paid under the policies provided by Verlan Fire since the event. Moreover, Box Factory's property has continued to worsen due to Verlan Fire's delays and refusal to pay for adequate repairs. As a result of Verlan Fire's actions, the Property has diminished in value.

12.     As a result of Defendant's acts and/or omissions, Box Factory was required to retain an attorney to prosecute its claim for insurance benefits.

13.     Unfortunately, Verlan Fire has delayed payment for Box Factory's necessary and covered property repairs under its insurance policy. Given the repeated delays of payment, Box Factory has been subjected to significant economic impact, worry, distress, and continuing economic and physical damage. In addition, Box Factory has suffered financial harm and damage as a result of Defendant's denials and repeated delays. The significant effect of Defendant's wrongful and unjustified delays, however, is still uncompensated.

### FIRST CAUSE OF ACTION---Violations of Texas Insurance Code

14.     Box Factory re-alleges and incorporates each allegation contained in Paragraphs 1-13 of this Petition as if fully set forth herein.

15.     Verlan Fire failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A).

16.     Verlan Fire failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

17.     Verlan Fire failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim, in violation of Texas Insurance Code Section 541.060 (a)(3).

18.     Verlan Fire refused to pay a claim without conducting a reasonable investigation with respect to the claim, in violation of Texas Insurance Code Section 541.060 (a)(7).

19.     Verlan Fire misrepresented the insurance policy under which it affords property coverage to Box Factory, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).  Verlan Fire misrepresented the insurance policy to Box Factory, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).

20.     Verlan Fire misrepresented the insurance policy under which it affords property coverage to Box Factory by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).  Verlan Fire misrepresented the insurance policy to Box Factory by failing to state a material fact that is necessary to make

other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).

21.     Verlan Fire misrepresented the insurance policy under which it affords property coverage to Box Factory by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1). Verlan Fire misrepresented the insurance policy to Box Factory by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1).

22.     Verlan Fire knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002 (1).

### SECOND CAUSE OF ACTION---Prompt Payment of Claim

23.     Box Factory re-alleges and incorporates each allegation contained in Paragraphs 1-22 of this Petition as if fully set forth herein.

24.     Verlan Fire failed to acknowledge receipt of the claim in violation of Texas Insurance Code Section 542.055 (a)(1).

25.     Verlan Fire failed to timely commence investigation of the claim or to request from Box Factory any additional items, statements or forms that Verlan Fire

reasonably believe to be required from Box Factory in violation of Texas Insurance Code Section 542.055 (a)(2)-(3).

26.     Verlan Fire failed to notify Box Factory in writing of the acceptance or rejection of the claim not later than the 15th business day after receipt of all items, statements and forms required in violation of Texas Insurance Code Section 542.056(a).

27.     Verlan Fire delayed payment of Box Factory' claim in violation of Texas Insurance Code Section 542.058(a).

### THIRD CAUSE OF ACTION---Statutory Interest

28.     Box Factory re-alleges and incorporates each allegation contained in Paragraphs 1-27 of the Petition as if fully set forth herein.

29.     Box Factory makes a claim for penalties of 18% statutory interest on the amount of the claims along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code Section 542.060.

### FOURTH CAUSE OF ACTION---Breach of Contract

30.     Box Factory re-alleges and incorporates each allegation contained in Paragraphs 1-29 of the Petition as if fully set forth herein.

31.     Verlan Fire breached its contract with Box Factory.  As a result of Verlan Fire's breach, Box Factory suffered legal damages.

**FIFTH CAUSE OF ACTION---Breach of duty of good faith & fair dealing**

32.     Box Factory re-alleges and incorporates each allegation contained in Paragraphs 1-31 of the Petition as if fully set forth herein.

33.     Verlan Fire, as the property coverage insurer, had a duty to deal fairly and in good faith with Box Factory in the processing of the claim.  Verlan Fire breached this duty by refusing to properly investigate and effectively denying insurance benefits.  Verlan Fire knew or should have known that there was no reasonable basis for denying or delaying the required benefits.  As a result of Verlan Fire's breach of these legal duties, Box Factory suffered legal damages.

**SIXTH CAUSE OF ACTION---Punitive Damages for Bad Faith**

34.     Box Factory re-alleges and incorporates each allegation contained in Paragraphs 1-33 of this Petition as if fully set for herein.

35.     Defendant acted fraudulently and with malice (as that term is legally defined) in denying and delaying Box Factory's claim for benefits.   Further, Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Box Factory.

**SEVENTH CAUSE OF ACTION---Violations Of Texas DTPA**

36.     Box Factory re-alleges and incorporates each allegation contained in Paragraphs 1-35 of this Complaint as if fully set forth herein.

37.     The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to consumers who are victims of deceptive,

improper, or illegal practices. Defendant's violations of the Texas Insurance Code create a cause of action under the DTPA. Defendant's violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well.

### EIGHTH CAUSE OF ACTION---Fraud

38. Box Factory re-alleges and incorporates each allegation contained in Paragraphs 1-37 of this Complaint as if fully set forth herein.

39. Verlan Fire acted fraudulently as to each representation made to Box Factory concerned material facts for the reason they would not have acted and which Verlan Fire knew were false or made recklessly without any knowledge of their truth. The representations were made with the intention that they be acted upon by Box Factory, who relied on those representations, thereby causing injury and damage to Box Factory.

### KNOWLEDGE

40. Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Box Factory's damages.

### RESULTING LEGAL DAMAGES

41. Box Factory is entitled to the actual damages resulting from the Defendant's violations of the law. These damages include the consequential damages to its economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits, and continued impact on Box Factory; lost credit reputation; and the other

actual damages permitted by law. In addition, Box Factory is entitled to exemplary damages.

42.     As a result of Defendant's acts and/or omissions, Box Factory has sustained damages in excess of the minimum jurisdictional limits of this Court.

43.     Box Factory is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

44.     Defendant's knowing violation of the duty of good faith and fair dealing entitle Box Factory to exemplary damages.

45.     Defendant's knowing violations of the Texas Insurance Code and DTPA entitle Box Factory to the attorneys' fees, treble damages, and other penalties provided by law.

46.     Box Factory is entitled to statutory interest on the amount of their claim at the rate of 18% per year as damages under the Texas Insurance Code 542.060(a).

47.     Box Factory is entitled to the recovery of attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §38.001, the Texas Insurance Code 542.060(a)-(b), the Tex. Bus & Commerce Code § 17.50 and Tex. Civ. Prac. & Rem. Code §37.009.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that Plaintiffs have judgment against Defendants for actual damages in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment interest as allowed by law, costs of suit, and all other relief, at law or in equity, to which

Plaintiffs may be entitled.

Respectfully submitted,

**RAIZNER SLANIA LLP**

_____
JEFFREY L. RAIZNER
State Bar No. 00784806
ANDREW P. SLANIA
State Bar No. 24056338
AMY B. HARGIS
State Bar No. 24078630
efile@raiznerlaw.com
2402 Dunlavy Street
Houston, Texas 77006
Phone: 713.554.9099
Fax:   713.554.9098
**ATTORNEYS FOR PLAINTIFFS**

## JURY DEMAND

_Box Factory hereby demands a trial by jury, a right enshrined in the Constitution of the United States of America and the State of Texas and preserved by the sacrifices of many. The necessary jury fee has been paid._

_____
**JEFFREY L. RAIZNER**